# United States District Court
# Northern District of Indiana

JAMIE ALAN SIDES,             )
                                      )
                Petitioner,       )
                                      )     Civil Action No.  3:07-CV-454 JVB
      v.                        )
                                      )
EDWIN G. BUSS,            )
                                      )
                Respondent.    )

## OPINION AND ORDER

Jamie Alan Sides, a *pro se* prisoner, filed a habeas corpus petition challenging the determination that he was guilty of Unauthorized Possession of an Electronic Device in violation of B207. In case ISP07-03-0367, he was deprived of 180 days earned credit time and demoted to credit class II. Though Sides raises three grounds in his petition, because he was denied the opportunity to present relevant evidence, it is unnecessary to consider the other grounds that he presents.

Sides was issued a conduct report which stated that, "I found in his blue locker a gray Samsung cell phone charger." DE 6-2 at 1. That report stated that the physical evidence was placed in the "I.A. Locker." DE 6-2 at 1. When Sides was screened, the report shows that he checked the box indicating that, "I wish to request the following physical evidence: (Specify the evidence to be considered) *Charger - was not a cell phone charger, was used in tattooing*." DE 6-4.

At the hearing, Sides argued that it was an adapter for his radio. The Report of Disciplinary Hearing states that a photo was considered, but no explanation is provided for why the charger itself was not physically examined. DE 6-6. The respondent argues that it was unnecessary to view the "charger" itself and that the Disciplinary Hearing Body (DHB) did not violate due process when

they considered only two photographs and the written statements because based on them the DHB determined that it was a cell phone charger. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974) requires that an inmate be permitted to submit relevant, exculpatory evidence. Though the respondent notes that this right can be restricted because of safety, security, or correctional goals, he presents no argument that any of those were a basis for refusing to examine the actual "charger" in this case.

The respondent correctly notes that Sides did not have the right to present redundant or repetitive evidence. *See Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002) ("[P]risoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary."). But here, viewing the "charger" would not have been repetitive because Sides argued that it was not a cell phone charger. The respondent correctly states that the photographs clearly show that it is an electronic device that has a wire or cord, but Sides was charged with more than merely possessing an electronic device that had a wire attached. He was charged with trafficking on the theory that the "charger" was not legally brought into the facility and he was found guilty of unauthorized possession of an electronic device. Here, Sides' argument that it was not a cell phone charger becomes relevant. Though cell phone chargers are not authorized and therefore must have entered the facility illegally, the respondent does not argue that all electronic devices are prohibited, or most importantly that radios or radio adapters are prohibited. If it was not a cell phone charger, then perhaps it was legally brought into the facility. This theory is not a fanciful denial of reality. Sides did not argue that there was no "charger" or that it was really a porcelain unicorn. If those were his claims, then a photograph would have been adequate to rebut them. Neither is this like a drug possession case where the inmate asks to have cocaine produced without arguing that it is not cocaine. So too, this is not even like a drug possession case where the inmate denies that the

substance is cocaine. In those cases, it is the drug test results that are critical, not observance of the powder by the DHB. Drug cases also present security issues that are not at issue in this case. This case turns on Sides' assertion that the "charger" was not a cell phone charger, but rather, a reasonably similar looking object that he might have been legally possessed.[1] Here, due process required that the DHB view the actual "charger" before determining that it was a cell phone charger.

Sides has demonstrated that he was denied the right to introduce relevant, non-repetitive, potentially exculpatory evidence. Therefore, this habeas corpus petition will be granted. For the foregoing reasons, the Court **CONDITIONALLY GRANTS** the writ of habeas corpus on Ground 2. The Respondent must either give Jamie Alan Sides a new hearing at which the actual physical charger is examined **OR** restore any earned credit time that Jamie Alan Sides lost as a result of this disciplinary incident (including from his demotion in credit class). The Respondent is **ORDERED** to send proof that he has complied with this order by December 3, 2008.

**SO ORDERED** on September 19, 2008.

 s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United State District Judge
Hammond Division

---

[1] His assertion that the "charger" was used for tattooing does not contradict his assertion that it was a radio adapter since inmates frequently find creative uses for common, otherwise legal items. Neither is it relevant that tattooing is a violation of prison rules, because he was not charged with tattooing, he was punished for possessing an unauthorized electronic device (a cell phone charger) and he was denied the opportunity to present evidence which could have demonstrated that it was an authorized radio adapter. This is not to say that he could not have been charged with tattooing or with some other offense applicable to these facts, but it is merely to say that those are not the issues in this case.